[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2006
THOMAS K. KAHN
CLERK

No. 05-16609
Non-Argument Calendar

_____

D. C. Docket No. 03-00227-CV-ORL-18-KRS

RAMON A. MERCADO,

                                        Plaintiff-Appellant,

                        versus

CITY OF ORLANDO,
a municipal corporation and political subdivision
of the State of Florida,
RAMFIS PADILLA, Officer, individually and as an
agent and employee of the City of Orlando
and Orlando Police Department, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 4, 2006)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal of this case. In *Mercado v. City of Orlando*, 407 F.3d 1152 (11th Cir. 2005) (*Mercado I*), we affirmed the district court's grant of summary judgment in favor of the defendants City of Orlando and Police Officers Ramfis Padilla ("Padilla") and Christina Rouse ("Rouse") on all claims except the issue of qualified immunity with respect to Padilla. After remand, the case proceeded to trial on the sole remaining issue of whether Padilla violated appellant Ramon A. Mercado's ("Mercado") rights under the Fourth Amendment to the United States Constitution by shooting Mercado in the head with a Sage SL6 launcher. The jury found in favor of Padilla.

In this appeal, Mercado challenges the district court's jury instruction number 9 which instructed the jury as follows:

> The court instructs you as a matter of law that unless the defendant, Padilla, intended to aim and shoot the plaintiff, Mercado, in the head using the Sage launcher, then defendant Padilla's acts did not violate plaintiff, Mercado's rights under the Fourth Amendment of the Constitution.

A challenge to a jury instruction presents a question of law subject to *de novo* review. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996).

In this case, the record demonstrates that at the time of the incident in question, Padilla found himself in the kitchen of Mercado's apartment, which was

2

a small confined area, faced with a person who had a telephone cord wrapped around his neck while turning blue and holding a knife in both hands while pointing it at his own chest. Padilla repeatedly told Mercado to put the knife down but Mercado ignored his commands.

Padilla was obviously confronted with an urgent and critical situation that required an immediate response. Aside from the obvious and immediate threat of suicide, Padilla had been trained to be aware that a person who is suicidal also poses a threat to be homicidal by turning the weapon on others at a moment's notice. Padilla reasonably believed that unless immediate action was taken to disarm Mercado and place him in custody, he would take his own life, or harm others, including the officers who were present.

Padilla had been trained in the use of the impact weapon known as the Sage SL6 launcher. This weapon fires a rubber baton which makes impact with the subject's body causing less-than-lethal pain and affords the officers the opportunity to move in and gain compliance and control over the subject. The record demonstrates that at the time Padilla fired the Sage SL6, he did it not to inflict deadly force, but to gain Mercado's compliance. After Mercado was struck with the rubber baton, he dropped the knife and the officers were able to restrain

3

him and put handcuffs on him. He was then taken out of his apartment and transported to a hospital by ambulance.

After reviewing the record and reading the parties' briefs, we conclude that the district court properly instructed the jury in accordance with our ruling in *Mercado I*. Moreover, the instruction was consistent with Supreme Court precedent because the Supreme Court has long held that a federal cause of action under 42 U.S.C. § 1983 does not extend to conduct that is merely negligent. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986) (concluding that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

For the above-stated reasons, we affirm the district court's judgment entered on the jury's verdict in favor of Padilla.

**AFFIRMED.**

4